CASE 40—PETITION ORDINARY—JANUARY 23.

## Stith vs. Patterson, &c.

APPEAL FROM MEADE CIRCUIT COURT.

1.  In case of abandonment of his family by the husband who is a father, the wife's right, she being a mother, to prosecute an action, using his name, does not depend on his consent, but it is a legal right secured to her in such cases, free from and beyond the control of the husband. (*Sec. 51, Civil Code*).

2.  Whilst it is more strictly conformable to the rules of pleading, as required by section 51 of the Civil Code, that the husband should be a party, yet, when he has been made a party, and then dismissed from the record at the defendant's instance, they are precluded from afterwards setting up this, their own error. The judgment dismissing her suit for a horse, saddle, and bridle, is reversed, with directions to the court below to proceed to trial as the issues are now made up, unless she should move, in a reasonable time, to restore her husband's name as a party plaintiff with her, in which case she should be allowed to do so.

JAS. MONTGOMERY,　　　　　　　　　　　　For Appellant,

CITED—

*Civil Code, sec. 51.*

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

Appellant, being a married woman, sued appellees in an action of trespass for forcibly taking from her a horse, bridle, and saddle.

An amended petition in the name of her husband and herself was subsequently filed, making other defendants, and averring that the horse, saddle, and bridle were her property, and in her possession when so forcibly taken; and by order of court the husband was made a "party complainant."

Patterson, a defendant, filed an affidavit, alleging that the use of the husband's name as a plaintiff was without his authority, and thereupon obtained "a rule against the plaintiff to show cause why they use the name of Matthew Stith in this prosecution." To this rule a response was made, stating that Matthew Stith was the husband of Comfort E. Stith, was a father, and she was a mother, and that he had abandoned his family, and that the property was in her possession when taken, &c. This rule was made absolute, and the suit dismissed as to the husband, without prejudice, notwithstanding the filing, a written agreement and transfer of all his property, &c., to and with A. D. Geoghegan, making him trustee for his wife and children.

She subsequently filed another amended petition, averring the possession of the property; that her husband had abandoned her and his children before the action was begun; averring that he was the father, and she the mother, of the children; and prayed to have the cause transferred to the equity docket.

The defendants answered, traversing the petition and amendments, and subsequently demurred, "because the facts stated show no cause of action in plaintiff, and because plaintiff shows, in herself, no right to sue;" and their demurrer being sustained, the cause was dismissed; and we are asked to correct these errors, proper exceptions being taken to all the rulings of the court.

Section 51, Civil Code, provides, that "where a husband, being a father, has deserted his family, the wife,

being a mother, *may prosecute* or defend, *in his name*, any action which he might prosecute or defend; and shall have the same powers and rights therein as he might have had."

In case of abandonment of the family by the husband, the wife's right to prosecute the action, using his name, does not depend on his consent, but it is a legal right secured to her in such cases, free from, and beyond the control of, the husband.

The court, therefore, erred in dismissing the amended petition, wherein the wife had joined the name of her husband; and, as the defendants had improperly caused this to be dismissed, the suit, as it then stood in the name of the wife alone, should not have been dismissed upon their demurrer, especially after they had answered. There is no doubt but that the court should, in such cases, protect the rights of the wife by proper orders, and put the recovery beyond the control of the husband. The suit really, for all legal purposes, is for her use and benefit, free from the control of her husband; and, therefore, whilst it is more strictly conformable to the rules of pleading that he should be a party, yet, when he has so been made, and then dismissed from the record at defendant's instance, they are precluded from afterwards setting up this, their own error.

The judgment dismissing her suit is reversed, with directions to the court below to proceed to trial as the issues are now made up, and for further proceedings in conformity to these views, unless plaintiff should move, in a reasonable time, to restore her husband's name as a party plaintiff with her, in which case she should be allowed to do so.